**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JASON WALKER                                         CIVIL ACTION NO. 15-2067

VERSUS                                               JUDGE S. MAURICE HICKS, JR.

CADDO PARISH SHERIFF'S                               MAGISTRATE JUDGE HORNSBY
OFFICE ET AL.

### MEMORANDUM RULING

Before the Court is Defendant Sheriff Steven W. Prator's ("Prator") Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (Record Document 14) regarding Plaintiff Jason Walker's ("Walker") allegations in his 42 U.S.C. § 1983 Complaint (Record Document 1) alleging civil rights violations by Defendants Robert Greer ("Greer"), the Caddo Parish Sheriff's Office ("Sheriff's Office"), and Prator. For the reasons which follow, Defendant Prator's 12(b)(6) Motion to Dismiss is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

Prator is the Sheriff of Caddo Parish. Greer is a deputy of the Sheriff's Office. Walker is a resident of Caddo Parish. On July 28, 2014, Walker was at his apartment in Shreveport, Louisiana, with his girlfriend Rebecca N. Gore ("Gore"). See Record Document 1 at 4-5. Walker's 2-year old son and 13-year old stepdaughter were also present at the apartment. See id. at 6. Gore called 911 to report that her stepfather was outside of her apartment in her car, that Gore was very upset, and that she wished for an officer to be dispatched to the scene. See id. at 5. Greer was dispatched to the apartment in response to Gore's call. See id.

Greer did not see anyone outside of the apartment upon arrival and knocked on the door of the apartment. See id. Walker answered the door, and Greer allegedly became "confrontational, aggressive, and belligerent" to Walker. Id. Walker informed Greer that he lived in the apartment, and Gore informed Greer that Walker was not the person she had called about. See id. Greer then grabbed Walker by the wrist and yanked him from the apartment onto the front lawn. See id. Greer grabbed Walker again by the wrist and yanked Walker back towards Greer, eventually performing a combat hip flip that took Walker to the ground. See id. at 5-6. While Walker was on the ground, Greer kicked Walker, twisted his arm, pulled his head back, and rested his knees on Walker's back. See id. at 6. Greer placed handcuffs on Walker and put him in the back of his patrol car. See id. Greer also slammed the patrol car door on Walker's left leg. See id. Eventually, Greer released Walker from his patrol car and allegedly filed a falsified police report in which Greer indicated "that Mr. Walker had an attitude problem, when, in fact, he did not." Id. at 7-8. Walker suffered both emotional and physical injuries as a result of Greer's actions. See id. at 8.

Walker filed this 42 U.S.C. § 1983 lawsuit against the Sheriff's Office and Greer and Prator in both their individual and official capacities on July 17, 2015. See id. at 8-9. Walker alleged that Greer's actions constituted an unreasonable use of force and an unlawful arrest in violation of his civil rights, specifically his rights under the Fourteenth Amendment of the United States Constitution. See id. Walker also filed assault, battery, and false imprisonment causes of action against Greer and the Sheriff's Office under state law.[1] See Record Document 1 at 12-13. Defendant Prator filed this Motion to Dismiss

---

[1] Though Walker alleges in the section detailing his state law causes of action that Prator was acting within the course and scope of his employment at all times relevant to this

(Record Document 14) on February 18, 2016, and the Motion has been fully briefed by the parties. Prator argues that all of Walker's claims against Prator in his individual capacity must be dismissed. <u>See</u> Record Document 14.

## LAW AND ANALYSIS

### I.    Legal Standards.

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) changed from the old, more plaintiff-friendly "no set of facts" standard to a "plausibility" standard found in <u>Bell Atlantic v. Twombly</u> and its progeny. <u>Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555-556, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." <u>Colle v. Brazos County, Texas</u>, 981 F.2d 237, 243 (5th Cir. 1993). Courts must also accept all allegations in a complaint as true. <u>See Iqbal</u>, 556 U.S. at 678, 129 S.

---

suit, Walker makes no other allegations against Prator related to these state law causes of action. <u>See</u> Record Document 1 at 12-13. Therefore, it seems that Walker did not intend to bring any causes of action against Prator under state law. However, to the extent that the complaint did attempt to allege any state law causes of action against Prator individually, they also must be dismissed for the same reasons as Walker's 42 U.S.C. § 1983 cause of action against Prator individually.

Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See id. at 678-679, 129 S. Ct. at 1949-1950. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

The concern with ending a case at a point of minimum expenditure of time and money is particularly acute when the defendant raises a qualified immunity defense, as "the basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." Iqbal, 556 U.S. at 685, 129 S. Ct. at 1953 (internal quotations and citations omitted). Because of this concern, there is an even higher pleading standard that applies in evaluating a plaintiff's complaint against a public official in his individual capacity once the official has raised a qualified immunity defense. See Schultea v. Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc); see also Floyd v. City of Kenner, 351 Fed. Appx. 890, 893-94 (5th Cir. 2009).

Once the defendant raises a qualified immunity defense, the plaintiff carries the burden of demonstrating the inapplicability of qualified immunity. See Floyd, 351 Fed. Appx. at 893. When, as here, the plaintiff seeks to impose supervisory liability on a defendant public official in his individual capacity, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3)

the failure to train or supervise amounts to deliberate indifference." Estate of Davis v. City of N. Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005). Thus, a plaintiff must plead adequate facts establishing these elements under the heightened pleading standard applicable in qualified immunity cases to survive a Rule 12(b)(6) motion to dismiss.

## II.   Analysis.

Walker makes numerous allegations against Prator in his complaint. See Record Document 1. However, these allegations meet neither the normal "plausibility" pleading standard nor the heightened pleading standard that applies in qualified immunity cases.

All of Walker's allegations against Prator are conclusory and do not allege any specific facts that would raise Walker's right to relief "above the speculative level," even when taken as true. Twombly, 550 U.S. at 555-556, 127 S. Ct. at 1965. For example, Walker makes the following allegations against Prator: (1) that Greer has a history of violence and unlawful conduct that was known to Prator; (2) that Prator did nothing to curtail such conduct or reprimand him for such conduct; (3) that Prator created an environment that fostered Greer's inappropriate conduct; (4) that Prator failed to supervise or properly train Greer and that that failure resulted in the violation of Walker's civil rights; (5) that Prator's failure to supervise and/or train Greer in light of Greer's prior history amounted to deliberate indifference on the part of Prator to the rights of persons with whom Greer came into contact; and (6) that Prator ordered, authorized, acquiesced in, tolerated, permitted or maintained customs and usages permitting Greer to engage in his unconstitutional actions. See Record Document 1.

Walker's allegations use legal terms of art that, if supported by specifically pleaded facts, would state a claim for relief. See Estate of Davis, 406 F.3d at 381 (listing the

necessary elements of a failure to train or supervise claim in language similar to that Walker used in the instant case). However, Walker does not plead any specific facts, but instead makes only the conclusory allegations listed above. Contrasting Walker's allegations against Prator with the allegations Walker makes against Greer illustrates the difference between pleading specific facts and pleading merely conclusory allegations. Against Greer, Walker makes numerous detailed allegations, including that on July 28, 2014, Greer yanked him out of his house, performed a combat hip flip on Walker, and arrested him without any provocation by Walker or Gore, causing Walker severe injuries in the process. See Record Document 1. In other words, Walker (1) alleged specific actions by Greer on a specific day that caused his injuries, and (2) coupled these specific factual allegations with the legal language required to allege a 42 U.S.C. § 1983 cause of action for a violation of Fourteenth Amendment rights. See Iqbal, 556 U.S. at 679, 129 S. Ct. 1950 ("while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").

By contrast, Walker does not detail (for example) any specific prior incidents involving Greer, when those incidents occurred, whether Prator had knowledge of those incidents, what actions Prator took in response to those incidents, or why that response, if any, was inadequate. He simply states in a conclusory manner that there were such incidents involving Greer and that Prator did nothing, or not enough, about them, without supplying any specifics about them. Though the Court understands Walker's argument that this information would not be available to him until some discovery has occurred, the Supreme Court rejected a similar argument in Iqbal when it addressed the public policy purpose behind the "plausibility" pleading standard in the qualified immunity context. 556

U.S. at 685, 129 S. Ct. at 1953 ("the basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery"). Therefore, Walker failed to plead enough facts to meet either the normal "plausibility" pleading standard or the heightened standard required for qualified immunity cases in his allegations against Prator individually, and his causes of action against Prator must be dismissed. Prator's Rule 12(b)(6) Motion to Dismiss is therefore **GRANTED**.

## CONCLUSION

The Court finds that dismissal of all of Walker's claims against Prator individually under Rule 12(b)(6) is appropriate because Walker failed to plead sufficient facts against Prator "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-556, 127 S. Ct. at 1965. Prator's Rule 12(b)(6) motion is therefore **GRANTED**, and any and all claims asserted against Prator individually are hereby **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of September, 2016.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE